UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAQUELIN PAUL,
123 N. Pearl Street
Janesville, WI 53548,

        Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
2211 Congress Street
Portland, ME 04122
c/o Corporation Service Company
8040 Excelsior Drive, Ste 400
Madison, WI 53717,

        Defendant.

---

**COMPLAINT**

---

Plaintiff Jaquelin Paul, by her attorneys, Mayer, Graff & Wallace LLP, alleges as follows:

**THE PARTIES**

1. Plaintiff, Jaquelin Paul ("Mrs. Paul") is and was at all relevant times an adult citizen of the State of Wisconsin domiciled and residing at 123 N. Pearl Street, Janesville, WI 53548.

2. Defendant, Unum Life Insurance Company of America ("Unum"), is and was at all relevant times a foreign corporation organized and existing under the laws of the State of Maine, with a principal place of business located at 2211 Congress Street, Portland, ME 04122 and with registered agent for service of process identified as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

3. At all relevant times Mrs. Paul was a beneficiary of the Unum Insurance Plan which provide coverage for life insurance in the State of Wisconsin, subject to the Plan's terms and conditions.

## JURISDICTION & VENUE

4. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, conferring jurisdiction upon this Court over all civil actions arising out of the laws of the United States. This controversy arises under 29 U.S.C. § 1001 *et seq.* ("ERISA").

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the underlying claim for insurance benefits giving rise to this action occurred in Rock County, Wisconsin.

## BACKGROUND

6. Steven Paul (Decedent) was employed by RathGibson Janesville LLC.

7. RathGibson Janesville LLC sponsored a group-level benefit term life insurance policy, Policy 700206001 ("the Policy"), for employees through Unum, under which Unum promised to pay the benefits provided by said policy.

8. The Policy provided Employer Paid Basic Life Coverage in the amount of 1x annual earnings at no cost to Mr. Paul, but he could also elect various employee-paid coverages, including supplemental life insurance for a maximum of $800,000 (employee/employer coverage combined).

9. On December 20, 2019, Mr. Paul applied for additional coverage in the amount of twice his salary, $90,000.

10. The Paul family paid premiums for life insurance coverage starting soon thereafter and continued to pay premiums for life insurance coverage up to the time Mr. Paul passed away.

11. On February 1, 2021, when Mrs. Paul inquired about the life insurance, the Human Resources Manager at RathGibson Janesville LLC told her the life insurance has been approved:

> From: Larrabee, Diane (dianelarrabee@rathgibson.com)
> To: stap8598@yahoo.com
> Date: Thursday, February 4, 2021, 1:21 PM CST
>
> The life insurance has been approved.
>
> For the 401K, you may phone Fidelity directly at 1-800-835-5097.
>
> Thank you.
>
> Stay positive and healthy,
> **Diane Larrabee | Human Resources Manager | RathGibson**
> 2505 Foster Avenue | Janesville, WI  53545
> O: +1 608-758-4970 | M: +1 608-201-5073 | E: DianeLarrabee@RathGibson.com

12. Mr. Paul was never notified about any documents like an EOI and he was never asked to complete any such forms as a prerequisite to life insurance coverage.

13. Mr. Paul passed away on January 28, 2022.

14. On February 9, 2022, Unum approved Basic Group Life Insurance benefits in the amount of $48,000.

15. On March 3, 2022, Unum denied the supplemental life insurance benefit under the Policy because Unum had not received evidence of insurability ("EOI") for the Policy.

16. Unum advised Mrs. Paul in a letter that evidence of insurability was required for coverage requested in December of 2019 and it was not provided.

17. This is contrary to Unum's own policy language, which indicates that Unum can only take action on statements made in the application for coverage during the first two years.

18. Unum waived its right to rely on the absence of an evidence of insurability form by the plain language of its own policy.

19. Unum accepted Mr. Paul's insurance premiums and waited until after he passed to inform his widow that he had not completed a document and therefore no life insurance payments would be made.

20. Unum's position is that it had the right to receive Mr. Paul's premiums in perpetuity but then had a unilateral right to rescind the policy at any point in time, such as when it might have to pay a benefit under the policy.

21. It is truly cruel to confirm life insurance coverage for a beneficiary, accept the beneficiary's life insurance premiums, and then after her husband passes inform the widow for the first time that you do not get any benefits because we never received some document three years ago.

22. The lack of notice, combined with the collection of life insurance premiums and confirmation from the employer that coverage was in effect, led Mr. and Mrs. Paul to reasonably believe that they were covered under the Policy without submitting an EOI.

23. More, the EOI requires the insured to make representations about the state of his or her health; Unum cannot deny Ms. Paul's life insurance claim based upon representations that he did not make unless the reason the representations were not made was fraudulent. See Wis. Stat. 632.76,

24. Mr. Paul completed any form he was asked to complete to secure life insurance coverage.

## FIRST CAUSE OF ACTION
## WRONGFUL DENIAL OF BENEFITS

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26. This Policy is an employee benefit plan governed by ERISA.

27. The Policy provides supplemental life insurance benefits.

28. Unum has improperly denied Mrs. Paul's claim for supplemental benefits.

29. Unum's denial of benefits to Mrs. Paul was arbitrary and capricious.

30. Unum's denial of benefits came more than two years after the insurance policy went into effect; therefore, pursuant to Wisconsin Statute 632.76—which regulates insurance—Unum could not rescind the policy unless some fraud in the failure to complete this form is demonstrated.

31. By virtue of the terms of the Policy Unum is obligated to pay amounts due and owing to Plaintiff.

32. Pursuant to 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought to recover benefits due, enforce rights under the plan, or to clarify rights to future benefits under the terms of an ERISA plan, such as the one at issue in this matter.

33. Mrs. Paul is entitled to those benefits provided in the Policy.

34. Mrs. Paul is also entitled to her attorney's fees for having to bring this action.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For compensatory damages, including prejudgment interest, arising out of the Policy and Unum's wrongful denial of benefits;

B. For litigation and investigation costs, including attorneys fees; and

C. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS**

Dated this 9th day of August, 2022.

MAYER, GRAFF & WALLACE LLP

By: __/s/ Justin F. Wallace_____
Justin F. Wallace, SBN: 1069331
Attorneys for Plaintiff Jaquelin Paul
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
jwallace@mgwlawwi.com